UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In Re: David Dewayne Keesee | Case No. 3:18-bk-03800 |
| Debtor. | Chapter 13 |
| | Judge Marian F Harrison |
| Planet Home Lending LLC., | |
| Movant, | Contested Matter |
| vs. | |
| David D. Keesee, Debtor, and Henry Hildebrand, III, Trustee, | |
| Respondents. | |

---

**MOTION TO RATIFY FORECLOSURE SALE
AND ANNUL AUTOMATIC STAY UNDER 11 U.S.C. §362(d)**

---

COMES NOW Planet Home Lending LLC ("Movant"), by and through counsel and pursuant to Bankruptcy Rules of Procedure 4001 and 9014, moving the Court to ratify a

foreclosure sale and annul the automatic stay. In support of its motion, Movant states as follows:

1. On June 6, 2018, the Debtor filed this case under Chapter 13 of the Bankruptcy Code and listed Movant's predecessor in interest, Specialized Loan Servicing LLC, as a creditor therein. Shapiro & Ingle, LLP was listed under Part 2 of Debtor's Schedule D as an additional creditor to be notified. Shapiro & Ingle, LLP served as substitute trustee under the Debtor's Deed of Trust (defined herein).

2. This Court has jurisdiction under 28 U.S.C. § 1334(a). Venue is proper in this Court pursuant to 28 U.S.C. §1408(1) and § 157(b)(2)(G).

3. David Dewayne Keesee ("Debtor") resides at 3393 Endsworth Drive, Clarksville, Tennessee, 37042 (the "Property").

4. On July 30, 2004, Debtor executed a promissory note (the "Note") in the principal sum of $102,900.00.

5. Contemporaneously with the execution of the Note and to secure its repayment, the Debtor executed a Deed of Trust, which was filed of record with the Office of the Register of Deeds of Montgomery County, Tennessee on August 2, 2004, at Volume 984, pages 1472-1487 (the "Deed of Trust"). The Debtor entered a loan modification agreement on August 30, 2016, which deferred $53,947.69 of the principal balance. A copy of the Note, Deed of Trust and Loan Modification Agreement are attached hereto as collective Exhibit 1.

6. Movant is the servicer of the Note and Deed of Trust. The Deed of Trust encumbers the Property, more particularly described as follows:

> **Property situated in the 3rd Civil District of Montgomery County, Tennessee and having Map and Parcel Number 6L-H-4, to-wit:**
>
> **Lot 240, Section 3, Summerhaven Subdivision, as shown by plat of record in Plat Book E, Page 633, Register's Office for Montgomery County, Tennessee.**
> **This being the same real estate conveyed unto David Keesee by deed from Grant Construction, Inc., of record in Official Record Book Volume 984, page 1470, of said**

Register's Office.

7.  On June 6, 2018, Debtor filed his eleventh bankruptcy petition over a twelve year period, with the present case being the fourth case pending within the last year. (See table in paragraph number 25, below). The automatic stay was not invoked upon the present filing pursuant to 11 U.S.C. § 362(c)(3).

8.  On June 15, 2018, the Debtor filed an expedited motion to impose the Automatic Stay, and the matter was set for an expedited hearing on June 25, 2018. The certificate of service shows that a copy of the motion was served by U.S. Mail to Specialized Loan Servicing at P.O. Box 266005, Littleton, CO., 80163, and to Shapiro & Ingle LLP at 10130 Perimeter Pkwy., STE 400, Charlotte, NC., 28216. *See* attached Exhibit 2.

9.  On June 27, 2018, the Court entered an Order imposing the Automatic Stay (the "Order"), but the Order was not served on the Movant. *See* attached Exhibit 3, which is the BNC certificate of notice.

10. Due to significant default dating back to October 1, 2016, the loan was called due and payable pursuant to the terms of the Note and Deed of Trust. The Notice of Default and Intent to Foreclose is attached as Exhibit 4.[1]

11. The default has not been cured, and the Property was set for foreclosure sale on July 9, 2018. The Notice of Trustee's Sale is attached as Exhibit 5.

12. Because neither the Movant nor its Substitute Trustee received a copy of the Order, the Property was sold to John Hadley at the July 9, 2018 foreclosure sale for cash. A copy of the recorded Substitute Trustee's Deed is attached as Exhibit 6.

---

[1] It cannot go unnoted that the Debtor entered into a Home Affordable Modification Agreement or around August 30, 2016 where the creditor deferred $53,947.69 in debt and allowed the Debtor to start fresh by making new payments on October 1, 2016. *See* Exhibit 1. The Debtor failed to make the first payment under this arrangement.

13. The Debtor's Schedule D lists the debt owed to Movant. A copy of the Debtor's Schedule D is attached as Exhibit 7.

14. The Order created an estate that includes all property interests of the debtor. *See* 11 U.S.C. 541(a). The Order by its terms served to stay any act to obtain possession of property of a debtor's bankruptcy estate or of property from the estate or to exercise control over property of the estate. *See* 11 U.S.C. § 362(a)(3).

15. However, the United States Bankruptcy Code further states, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, ***annulling***, modifying, or conditioning such stay— * * * (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved ….(B) multiple bankruptcy filings affecting such real property…" 11 U.S.C. § 362(d) (emphasis added).

16. Foreclosures in violation of the automatic stay under section 362 of the Code are invalid "even if the parties did not have notice of the bankruptcy, unless retroactive relief from the stay is granted by the court." *In re Vasquez*, No. 09-47043-DML 13, 2010 Bankr. LEXIS 610, at *5 (U.S. Bankr. N.D. Tex. March 3, 2010) (citing *Bustamante v. Cueva* (In re Cueva), 371 F.3d 232, 237 (5th Cir. 2004)).

17. The automatic stay is voidable, and a lifting of the stay validates prior action taken in violation of the stay. *See In re Williams*, 553 B.R. 557, 565 (Bankr. N.D. Tex. 2015); *Jones v. Garcia* (In re Jones), 63 F.3d 411, 412 (5th Cir. 1995). The word "voidable" is used to describe acts in violation of the automatic stay, eschewing the word "void" because § 362(d) permits the bankruptcy court to retroactively annul the stay on the request of a party in interest. *See In re Williams* at 565; *In re Jones* at 412.

18. The facts in *In re Jones* are similar to the facts in the instant case. The creditor, unaware of the debtor's bankruptcy, foreclosed on the debtor's property during the pendency of the bankruptcy. *In re Jones* at 412. After learning of the bankruptcy, the creditor moved to have the automatic stay modified to allow the lender to pursue an eviction action against the debtor. The bankruptcy court modified the automatic stay to retroactively validate the foreclosure sale. The Fifth Circuit affirmed the bankruptcy court's validation of the foreclosure. *See id.* at 413.

19. In the *Vasquez* case, the court held the stay can be retroactively annulled simply if the movant would have been entitled to the relief. *See id.* at *6. The *Vasquez* court further held that relief from the stay should be granted under section 362(d) where there is cause, including the lack of adequate protection, or where a debtor lacks equity in the property and the property is not necessary to an effective reorganization. *See id.* at *7.

20. Additionally, in *Vasquez*, the court opined that if "the party invoking protection of the stay purposely concealed its existence from the party acting in violation of it or otherwise abused the system, the case in favor of retroactive annulment would be strengthened. Indeed, like serial filings, such conduct might constitute sufficient cause for relief from the stay under Code §362(d)(1)." *See id*.

21. The *Vasquez* court also set forth seven circumstances which are considered compelling in lifting the automatic stay retroactively thereby validating actions which would otherwise be void. Those include (1) if the creditor had actual or constructive knowledge of the bankruptcy filing; (2) if the debtor has acted in bad faith; (3) if there was equity in the property of the estate; (4) if the property was necessary for an effective reorganization; (5) if grounds for relief from the stay existed and a motion, if filed, would have been granted prior to the violation; (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor; and (7) if the creditor has detrimentally changed its position. *See id.* at *9-*10.

22. Although the foreclosure sale was conducted after the Order was entered, an innocent yet technical violation of the automatic stay, the Movant asks the Court to annul the automatic stay and validate the foreclosure sale that occurred on July 9, 2018.

23. At the time of the Debtor's petition, neither the Debtor nor the bankruptcy estate had any equity in the Property and the Property was not necessary for the effective reorganization of the Debtor's affairs. At the time the current case was filed, the principal balance on the loan was $143,645.00, and there was an additional deferred balance of $53,947.69. The total payoff on the loan as of June 15, 2018 was $221,670.70. According to the Debtor's own Schedule D, the value of the Property was $132,200.00 on the date of the bankruptcy filing. The I.R.S. also has a claim in the amount of $9,130.00, which is secured by the Property.

24. There is no doubt that the Debtor, like all of us, needs a place to live. But it does not necessarily follow *this* Property is necessary to an effective reorganization or that the Debtor must live in *this* Property, which he simply cannot afford. The fact that the Debtor might need property is not conclusive. There must be a reasonable possibility that the property is necessary for an effective reorganization. *See In re Anderson*, 913 F.2d 530, 532 (8th Cir. 1990) (holding there must be a "reasonable probability that the debtor will be able to propose a plan for a successful reorganization within a reasonable time."); *see also In re Bowman*, 253 B.R. 233, 238 (B.A.P. 8th Cir. 2000) (requiring that the proposed plan is feasible and likely confirmable and there is probability of actual performance of plan provisions ); 2 Norton Bankruptcy Law and Practice 2d, § 36:35, p. 36-97 (2d ed. 1997). The circumstances show the Debtor filed this bankruptcy in yet another attempt to hinder a foreclosure in bad faith and not with any sincere desire to reorganize. The Debtor has given this Court no reason to believe that he has any intent or ability to propose and consummate a feasible plan.

25. The current bankruptcy filing is the Debtor's eleventh Chapter 13 filing since August 24, 2005 -- four of which were filed in the last year. *See* table summary below. Each case prior to the current filing was dismissed for non-payment. The Debtor's circumstances and employment have not changed since year 2005. The Debtor's conduct in this case and the prior ten filings, evidences a lack of good faith and indicates Debtor's intention to delay and hinder creditors, most notably Movant, even after the Debtor received a $53,947.69 deferment of past due sums in August 2016. Inexplicably, the Debtor showed his gratitude by making insignificant payment under the modification agreement and filing four successive bankruptcies. Movant's attempts to enforce its right of foreclosure have been frustrated by the Debtor in at least six of the past eleven cases, as these cases were filed on the eve of a foreclosure sale and for the specific purpose of preventing those sales.

| Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|---|---|---|---|---|---|
| 3:05-bk-10108 | DAVID D KEESEE | 13 | 08/24/05 | Debtor | 03/20/06 |
| 3:06-bk-01458 | DAVID D KEESEE | 13 | 03/29/06 | Debtor | 11/24/08 |
| 3:08-bk-10612 | David Dewayne Keesee | 13 | 11/12/08 | Debtor | 11/05/09 |
| 3:10-bk-03873 | David Dewayne Keesee | 13 | 04/09/10 | Debtor | 12/07/10 |
| 3:12-bk-04930 | David Dewayne Keesee | 13 | 05/25/12 | Debtor | 12/10/12 |
| 3:13-bk-00951 | David Dewayne Keesee | 13 | 02/05/13 | Debtor | 09/09/14 |
| 3:15-bk-04761 | David Dewayne Keesee | 13 | 07/13/15 | Debtor | 08/11/16 |
| 3:17-bk-02421 | David Dewayne Keesee | 13 | 04/06/17 | Debtor | 11/09/17 |
| 3:17-bk-06191 | David Dewayne Keesee | 13 | 09/12/17 | Debtor | 01/11/18 |
| 3:17-bk-08658 | David Dewayne Keesee | 13 | 12/29/17 | Debtor | N / A |
| 3:18-bk-03800 | David Dewayne Keesee | 13 | 06/06/18 | Debtor | N / A |

26. As the court observed in *Williams*, the failure to grant the requested retroactive relief would cause unreasonable expense to Movant and detrimentally affect its rights. In addition to having incurred expenses in connection with the foreclosure sale, if the sale is not

validated, Movant would have to incur expenses to rescind the sale and conduct another foreclosure sale. *See Williams*, 257 B.R. at 304. Movant relied on the absence of the automatic stay in this case in conducting the sale, incurring expense, and executing and delivering a deed to a third-party cash purchaser, which further complicates the matter.

27. Movant requests the automatic stay should be retroactively annulled to June 6, 2018, the date of the Debtor's bankruptcy filing, or to any time before the July 9, 2018 foreclosure sale occurred, so the foreclosure sale will remain valid.

28. As set forth herein, Movant requests that this Court find that the filing of this petition was part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the lien secured by the Property. Accordingly, Movant requests that *in rem* relief be included in any order entered by this Court. More specifically, Movant requests this Court enter an order which provides that should either Debtor or any party claiming an interest in the Property file a bankruptcy proceeding to frustrate the July 9, 2019 foreclosure sale, the automatic stay shall not arise in any such case with respect to the Property.

28. Movant respectfully asks for all other relief to which it is entitled under law and equity, including, but not limited to, its attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Movant prays that, upon hearing of this Motion, that:

a. The automatic stay be retroactively annulled to June 6, 2018, or any time before the July 9, 2018 foreclosure sale.

b. Movant be granted *in rem* relief as requested herein;

c. The Court declare that the July 9, 2018 sale is valid and all actions taken pursuant thereto, including the prior delivery of a trustee's deed in favor of a third-party cash purchaser.

c. The Court waive the provisions of Bankruptcy Rule 4001(a)(3) as to any order issued pursuant to this Motion;

d. The Court grant such other and further relief at law or in equity as Movant may be entitled.

Respectfully submitted:

/s/ Bonnie Culp
Bonnie Culp, Attorney for Creditor, Bar # 14741
bculp@logs.com |704-249-0065
Shapiro & Ingle, LLP
10130 Perimeter Pkwy, Suite 400
Charlotte, NC 28216
Phone: 704-333-8107 | Fax: 704-333-8156

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and exact copy of the foregoing MOTION TO RATIFY FORECLOSURE SALE AND ANNUL AUTOMATIC STAY UNDER 11 U.S.C. §362(d), along with all exhibits, has been served electronically, through the Court's electronic filing system to all parties indicated on the electronic filing receipt, on August 7, 2018, or by United States mail, postage prepaid, on August 7, 2018.

(by U.S. Mail)
David D. Keesee
3393 Endsworth Drive
Clarksville, TN 37042

(by Electronic Service)
Henry Edward Hildebrand, III
Office of the Chapter 13 Trustee
PO Box 340019
Nashville, TN 37203-0019

(by Electronic Service)
Joshua Aaron Coles
Coles & Holton, LLP
764 Roycroft Place
Nashville, TN 37203

/s/ Bonnie Culp
Bonnie Culp, Attorney for Creditor, Bar # 14741