## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: } | |
| } | Case No. 18-03800 |
| David Dewayne Keesee } | Chapter 13 |
| } | |
|     Debtor. } | Judge: Harrison |
| } | |
| Planet Home Lending LLC., } | |
| } | |
|     Movant. } | |
| } | Contested Matter |
| v. } | |
| } | |
| David Dewayne Keesee, and } | |
| Henry Hildebrand, III, Trustee } | |
| } | |
|     Respondents. } | |

### DEBTOR'S OBJECTION TO MOTION TO RATIFY FORECLOSURE SALE AND ANNUL AUTOMATIC STAY UNDER 11 U.S.C. §362(d)

COMES NOW the Debtor/Respondent, by and through counsel, and hereby objects to Planet Home Lending LLC's ("Movant") Motion to Ratify Foreclosure Sale and Annul Automatic Stay under 11 U.S.C. §362(d). In support of his objection, Debtor states as follows:

Debtor admits and agrees to the factual statements in Paragraphs 1 through 8 of the motion.

Paragraph 9 is denied as Debtor sent notice of the Order Imposing the Automatic Stay to Shapiro & Ingle, LLP, agent for Movant, via facsimile on June 28, 2018 giving actual notice thereto. Debtor also followed this facsimile with a phone call to Shapiro & Ingle, LLP that same day giving at least constructive notice.

Debtor admits and agrees to the factual statements in Paragraphs 10 and 11 of the motion.

The property was sold to John Hadley on July 9, 2018 for cash and the trustee's deed attached is a true copy of the original deed. To blame this on a lack of notice, however, is beyond laughable.

Debtor admits and agrees to the statements in Paragraphs 13 through 16 of the motion.

Movant cites In Re Williams[1], 533 B.R. 557, 565 (Bankr. N.D. Tex 2015), for the assertion that the automatic stay is voidable. The automatic stay may be voidable, but it is an equitable determination that must consider notice and any "unreasonable behavior" by the debtor. In Re Jones, 63 F.3d 411, 413 (5th Cir. 1995). The facts in Jones are quite different from the current case. In Jones, there was no notice provided of the automatic stay prior to the sale. The Debtor in the instant case made sure to give constructive and actual notice by not only faxing the Order Imposing the Automatic Stay but following that facsimile up with a phone call to Movant's agent to confirm receipt thereof. Furthermore, the Motion to Impose the Stay had been served on the Movant and their attorneys and was unopposed.

The facts of Vasquez are also quite distinguishable. The Debtor did just the opposite of the facts in Vasquez. The Debtor in the instant case made sure to give constructive and actual notice by not only faxing the Order Imposing the Automatic Stay but following that facsimile up with a phone call to Movant's agent to confirm receipt thereof. In Vasquez, the case was not even filed until hours AFTER the sale had been held. See In Re Vasquez at P.2 (attached).

With regard to the 7 factors listed in Vasquez:

1. Debtor has established both actual and constructive knowledge of both the filing of the bankruptcy and the imposition of the automatic stay;
2. This Court's Order Imposing the Automatic Stay implicitly found that the Debtor has acted in good faith
3. There is no equity in the property.

---

[1] The motion cites an incorrect citation. The citation listed here, 533 B.R. 557 is correct

4. The property is necessary as it is his homestead. The Court in Vasquez found the real property necessary simply by virtue of it being the Debtor's homestead. See Vasquez at P.6.

5. There would have been no grounds for the granting of a motion for relief, as this Court had just *imposed* the automatic stay days prior to the sale. Additionally, there is an inherent finding within the imposition of the stay that the case was filed in good faith.

6. The failure to grant relief would not cause unnecessary expense, as the creditor took an intentional action to violate the automatic stay. Any costs have been brought on themselves. Additionally, the house was sold for a fraction of the amount owing, and the creditor would actually be in a far superior position if the motion is denied and ownership is eventually returned to the Debtor.

7. Any detriment to the Creditor was caused by their own illegal actions. They cannot now cry foul over problems that are solely of their own creation.

Debtor has been illegally divested of ownership of his residence. There is nothing innocent or technical about this admitted violation of the automatic stay. The Debtor filed for relief, and took the additional steps of having the automatic stay imposed. The Court has previously found that he was acting in good faith. Movant had every chance to object to the imposition of the stay but has instead chosen to blatantly ignore a lawful order of this Court. For them to now beg for forgiveness for such a callous and calculated act requires a level of chutzpah that is incomprehensible.

Movant was negligent in record keeping very least and Debtor has given both actual and constructive notice of both his case filing and the imposition of the automatic stay. Movant's negligence not only gives the Debtor a cause of action against it but also gives rise to a cause of action by the third-party cash purchaser.

This Court implicitly found the Debtor's case to be in good faith when the Order Imposing the Automatic Stay was entered. The relief requested, if granted, would directly contradict the prior order entered just two months ago. No circumstances have changed aside from the illegal actions of Movant. Debtor is current in his Chapter 13 payments, and in fact would have already confirmed a Chapter 13 plan that provides for payment in full of the mortgage arrears but for the objection to confirmation filed by Movant. Debtor has done everything asked of him by this Court and should not be penalized by Movant's own intentional and illegal actions.

WHEREFORE, PREMISES CONSIDERED, Debtor prays, that upon hearing of this Motion, that:

a. Debtor asks this Court to deny Movant's motion.
b. Debtor requests the Court find that the foreclosure sale was done in violation of the automatic stay.
c. Debtor requests his attorneys' fees, costs, and expenses be paid for defending against Movant's motion.

Respectfully submitted,

*/s/ Joshua A. Coles*
Joshua A. Coles, #028257
Coles & Holton, LLP
Attorney for Debtor/Plaintiff
764 Roycroft Place
Nashville, TN 37203
(615) 712-9537; Fax: (615) 712-9768
josh.coles@colesandholton.com

*/s/ Gregory R. Atwood*
Gregory R. Atwood, BPR #24296
Attorney for Debtor/Plaintiff
Atwood & McVay LLP
6953 Charlotte Pike, Suite 401
Nashville, TN 37209
(615) 354-1995, fax: (615) 866-5922
gregatwoodlaw@gmail.com

## CERTIFICATE OF SERVICE

      I certify that on the 26th day of August, 2018 I caused a copy of this notice to be served via CM/ECF to the Movant's attorney, Bonnie Culp and Chapter 13 Trustee, Henry E. Hildebrand, III.

                                        /s/Gregory R. Atwood
                                        Gregory R. Atwood

Case 3:18-bk-03800   Doc 44   Filed 08/26/18   Entered 08/26/18 18:18:13   Desc Main
Document     Page 5 of 5